(114 App. Div. 821)

HOYE v. PENNSYLVANIA R. CO. et al.

(Supreme Court, Appellate Division, Second Department.   July 24, 1906.)

1. CARRIERS—INJURIES TO GOODS—CONNECTING CARRIERS—RECEIPT—CONSTRUC-
TION.
     Defendant railroad company gave a receipt for certain goods in contro-
versy, reciting:  Received of National Motor Vehicle Company, "by the
Panhandle Railroad Company," 4 crates batteries, consigned, etc.   Held
that, in the absence of any explanation of the meaning of the words "by
the Panhandle Railroad Company," such receipt would not be construed
to mean that such railroad was the initial carrier, and was not a branch
or subordinate line of defendant's system.

2. SAME—CONNECTING CARRIERS — NEGLIGENCE — LIABILITY — FINDINGS—EVI-
DENCE.
     Defendant railroad company received certain batteries in crates for
transportation, and after the arrival of the batteries delivered the same to
a transfer company for delivery.   The batteries were in the railroad
company's possession for about two weeks, and in the possession of the
transfer company not more than one or two days.   On arrival it was found
that the batteries were damaged by the spilling of their contents, and
there was evidence that the same must have been spilled for more than a
week before the goods were received, because of the condition and appear-
ance of the packing.   Held, that such facts were sufficient to justify an in-
ference that the railroad company was solely to blame for the damage.

3. DAMAGES—REASONABLE CONTEMPLATION OF PARTIES—QUESTION FOR JURY.
     Defendant railroad company received certain batteries for transporta-
tion, packed with excelsior in four open crates.   On the top of each box was
pasted a bill, with a label in large red letters, "This side up.   Batteries.
Handle with care."   When the batteries were delivered it was found that
they had been spoiled by being turned over, and the contents spilled out.
Held that, whether the damages sustained were within the reasonable con-
templation of the parties after the railroad company had accepted the
crates with such injunction of caution was for the jury.

Appeal from Trial Term, Kings County.

Action by Stephen M. Hoye against the Pennsylvania Railroad Com-
pany and another.   From a judgment for plaintiff, and from an order
denying defendant railroad company's motion for a new trial, it ap-
peals.   Affirmed.

Argued before WOODWARD, JENKS, HOOKER, and MIL-
LER, JJ.

Norman B. Boocher (Carles H. Hough, on the brief), for appellant.
I. R. Oeland, for respondent.

JENKS, J.   The defendant, a common carrier, appealing from a
judgment against it for negligent carriage of plaintiff's goods, relies
upon its motion to dismiss the plaintiff at the close of his case, for it
rested thereupon, and took no further part in the trial.

It first contends that proof then made that the goods were delivered
in good condition to the carrier, and received by the consignee in bad
condition, did not establish a case against it, for the reason that there
were three separate carriers, of which it was the intermediate one.
But I think that the evidence justified the jury in a conclusion that there
were but two carriers, namely, this appellant, which carried the goods
from their place of shipment, Indianapolis, Ind., to the city of New

York, and the defendant express company, which received the goods at the appellant's freight office in that city, and delivered them to the plaintiff in another borough thereof. The appellant's theory of three carriers rests upon the terms of the receipt, read in evidence by the plaintiff, as follows:

"Indianapolis, Indiana, 4/30/1903. Received from the National Motor Vehicle Company, by the Panhandle R. R. Co., four crates batteries, consigned Stephen M. Hoye. Destination 49 Wall street, N. Y., N. Y."

It is to be noted that the expression is "Received * * * by the Panhandle R. R. Co." No explanation is offered of its meaning, and it does not intend necessarily that there was a first and an independent carrier between the shipper and this appellant. For aught that appears, the Panhandle R. R. Co. may have been a branch or a subordinate line of the system of the appellant. However this may be, the undisputed evidence is that the goods were shipped by the maker for carriage in Indianapolis, the place this receipt was dated, at the railroad station of the appellant, were received by it, receipted for by it, and were delivered by it at its freight station, as aforesaid.

As the jury were warranted to conclude that there were but two carriers, the first question is whether this proof was sufficient to justify the jury in fastening the fault upon the appellant, to the exclusion of the express company. The shipment was 4 crates, containing 40 electric batteries, filled with electrolite. The damage was due to the overturning of the batteries, so that the electrolite ran out. The evidence shows that the time intervening the shipment at Indianapolis and notice to the plaintiff of its arrival in New York City was two weeks. The proof is that, as soon as the plaintiff's agent received the shipment, he opened the crates and discovered the damage. There is evidence that the electrolite must have been spilled out more than a week before that time, because of the condition, the appearance, and dryness of the excelsior packing. The proof is that the express company received and delivered the shipment within one, or, at most, two, days. I think that the jury was justified in holding the appellant alone.

The appellant also contends that the damages were not within the reasonable contemplation of the contracting parties, under the principle of the leading case of Hadley v. Baxendale, 9 Exch. 341. The damages recovered were the market value of the batteries at their place of shipment. The evidence is that when delivered the batteries were virtually useless and beyond repair. The destruction was solely due to the overturning of the batteries; there was no breakage. The batteries, as I have said, were placed in four open crates, packed with excelsior packing. On the top of each box was pasted a bill with a label "probably 8 by 4" (inches?) in red letters: "This side up. Batteries. Handle with care." The damage may be ascribed to a violation of the instruction, "This side up." I think that the court would not have been justified in holding as matter of law that the loss, if due to such a violation, was not within the reasonable contemplation of the parties, but that it was for the jury to determine that if the damage was due to overturning the crates, whether such an act was in breach of the obligation of the appellant, after it had accepted for carriage

these crates with this instruction or caution.   Certainly such instruc-·
tion was not an empty legend.   Any reasonable person must conclude
that it was placed upon the box for a purpose.   It was no more the
duty of the shipper to enter into the details of the consequence of a vio-
lation of the instruction than it was that of the carrier to ascertain it.
The appellant chose to accept the shipment without objection or inquiry,
and the question presented is whether it exercised due care when it
carried the shipment, and yet did not observe the caution.

In Leonard v. New York, etc., Tel. Co., 41 N. Y. 544, 567, 1 Am.
Rep. 446, it is said:

"As both parties are usually equally bound to know and be informed of the
facts pertaining to the execution or breach of a contract which they have
entered into, I think a more precise statement of this rule is that a party
is liable for all the direct damages which both parties to the contract would
have contemplated as flowing from its breach, if at the time they entered into
it they had bestowed proper attention upon the subject, and had been fully
informed of the facts."

The point as to the failure of the plaintiff to present his claim within
the period prescribed by the bill of lading cannot be raised, because
such omission was not pleaded.   Westcott v. Fargo, 61 N. Y. 542, 19
Am. Rep. 300.

I advise affirmance of the judgment, with costs.   All concur.